Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| CARMEN SÁNCHEZ MIRANDA Y OTROS<br><br>Recurrida<br><br>v.<br><br>MUNICIPIO DE GURABO Y OTROS<br><br>Peticionaria | TA2025CE00559 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2025CV00111<br><br>Sobre: Caída |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de octubre de 2025

Comparece el Estado Libre Asociado de Puerto Rico (en adelante, ELA y/o parte peticionaria) por conducto de la Oficina del Procurador General, mediante un *Recurso de Certiorari,* para solicitarnos la revisión de la *Resolución,* emitida y notificada el 31 de julio de 2025, por el Tribunal de Primera Instancia, Sala Superior de Caguas.[1] Mediante la *Resolución* recurrida, el foro primario denegó una solicitud de desestimación interpuesta por la parte peticionaria y ordenó la continuación con el descubrimiento de prueba.

Por los fundamentos que expondremos, se *expide* el auto de ce*rtiorari* y se *revoca* la *Resolución* recurrida.

I

El caso del título tuvo su inicio cuando, el 14 de enero de 2025, Carmen Sánchez Miranda, Ángel López Jiménez y la sociedad legal compuesta por ambos (en adelante, parte recurrida) interpuso una *Demanda* por daños y perjuicios contra el Municipio de Gurabo,

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 29.

entre otras partes desconocidas.[2] Adujo que, el 16 de septiembre de 2024, mientras se encontraba caminando por la Carretera 932 del término municipal de Gurabo, Puerto Rico, tropezó y cayó de "bruces". Arguyó que su tropiezo fue debido a las malas condiciones y desniveles en la acera por su falta de mantenimiento. Alegó que, a consecuencia de dicho accidente, sufrió daños por los cuales tuvo que ser atendida clínicamente. Razonó que los daños causados fueron por la negligencia del Municipio de Gurabo dado a falta de mantenimiento en dicho lugar. Estimó que los daños sufridos como consecuencia de sus lesiones físicas y angustias mentales se valorizaban en una cantidad no menor de $150,000.00 dólares, así como que reclamó una suma no menor de $60,000.00 dólares por los gastos médicos. A tenor, solicitó que se declarara ha lugar la demanda, se condenara a la parte demandada al pago de las sumas reclamadas, más los intereses, costas y honorarios de abogado. Conviene mencionar que, el Municipio de Gurabo fue emplazado el 16 de enero de 2025.[3]

Tiempo después, el 10 de marzo de 2025, el Municipio de Gurabo interpuso una *Moción de desestimación*.[4] Alegó que la causa de acción en su contra debía ser desestimada puesto a que la parte recurrida no cumplió con el requisito de notificar al municipio dentro de los noventa (90) días siguientes a la fecha del alegado accidente, de acuerdo con Artículo 1.051 del Código Municipal de Puerto Rico.[5] Esbozó que la primera notificación que tuvo referente al accidente ocurrió el 16 de enero de 2025, cuando se le diligenció el emplazamiento personal, por lo que se hizo de forma extemporánea. En respuesta, mediante *Orden* emitida el 12 de

[2] SUMAC TPI, a la Entrada Núm. 1.
[3] *Íd.*, a la Entrada Núm. 3.
[4] *Íd.*, a la Entrada Núm. 5.
[5] 21 LPRA sec. 7082.

marzo de 2025, notificada el día 18, del mismo mes y año, el foro de instancia concedió término a la parte recurrida para expresarse.[6]

De ahí, el 20 de marzo de 2025, la parte recurrida presentó una *Moción solicitando se permita demanda enmendada y se emitan emplazamientos*,[7] la cual acompañó con una *Demanda enmendada*.[8] El propósito de la enmienda fue incluir al ELA y al Departamento de Transportación y Obras Públicas (DTOP) como partes demandadas.

Mediante *Orden*, emitida ese mismo 20 de marzo, y notificada al día siguiente, el tribunal *a quo* autorizó la demanda enmendada y ordenó la expedición de los emplazamientos contra el DTOP y el ELA.[9] Por otro lado, advirtió a la parte recurrida sobre el término dado para expresarse en torno a la solicitud de desestimación incoada por el Municipio de Gurabo.

Luego, el 9 de mayo de 2025, el Municipio de Gurabo incoó un escrito intitulado *Moción de sentencia*.[10] Expuso haber presentado una moción de desestimación y que, aun cuando el foro primario concedió término a la parte recurrida para expresarse, el término decursó y no lo hizo. En virtud de lo expuesto, solicitó que se dictara la correspondiente sentencia parcial en la cual se concediera el remedio peticionado.

En respuesta, mediante *Orden*, emitida el 14 de mayo de 2025 y notificada el día 21, del mismo mes y año, el foro de instancia dio por sometido el asunto para su adjudicación.[11]

Ahora bien, el 22 de mayo de 2025, la parte recurrida presentó una *Moción en relación a remedio*,[12] mediante la cual alegó no contar con evidencia para refutar lo alegado por el Municipio de Gurabo en estos momentos.  Solicitó que se entretuviese la determinación sobre

---

[6] SUMAC TPI, a la Entrada Núm. 6.
[7] *Íd.*, a la Entrada Núm. 7.
[8] *Íd.,* a la Entrada Núm. 7, Anejo 2.
[9] *Íd.,* a la Entrada Núm. 11.
[10] *Íd.,* a la Entrada Núm. 12.
[11] *Íd.*, a la Entrada Núm. 13.
[12] *Íd.*, a la Entrada Núm. 14.

el pedimento hasta tanto compareciera el ELA en cuanto al asunto del mantenimiento de área del accidente o, en la alternativa, que se desestimara, sin perjuicio.

Días más tarde, el 27 de mayo de 2025, compareció el ELA en representación del DTOP mediante *Moción asumiendo representación legal, sobre demanda enmendada y solicitando término adicional.*[13] Mediante *Resolución,* emitida el 3 de junio de 2025, notificada al día siguiente, el tribunal de instancia concedió lo solicitado.[14]

Por otro lado, el 23 de mayo de 2025, pero notificada el día 27, del mismo mes y año, el tribunal de instancia emitió una *Sentencia Parcial* mediante la cual, desestimó la causa de acción contra el Municipio de Gurabo, sin perjuicio.[15] Posteriormente, en reconsideración, el 5 de junio de 2025, notificada el día 11, del mismo mes y año, el tribunal de instancia emitió una *Sentencia parcial enmendada.*[16] En esta, dispuso que la desestimación contra el Municipio era con perjuicio e incluyó las disposiciones de la Regla 42.3 de Procedimiento Civil.[17]

Así las cosas, el 14 de junio de 2025, la parte peticionaria, interpuso una *Moción de desestimación.*[18] Alegó que la parte recurrida no cumplió con el requisito de notificación previa dentro del término de noventa (90) días establecido en la Ley de Reclamaciones y Demandas contra el Estado (Ley Núm. 104).[19] Acotó que fue emplazado más de seis (6) meses luego del alegado accidente, sin que constara notificación previa conforme a derecho.

---

[13] SUMAC TPI, a la Entrada Núm. 15.
[14] *Íd.,* a la Entrada Núm. 18.
[15] *Íd.,* a la Entrada Núm. 16.
[16] *Íd.,* a la Entrada Núm. 19.
[17] 32 LPRA Ap. V, R. 42.3.
[18] SUMAC TPI, a la Entrada Núm. 20.
[19] Ley Núm. 104 de 29 de junio de 1955, 32 LPRA sec. 3077 nota *et seq.*

Solicitó la desestimación con perjuicio de la causa de acción en su contra al amparo de la Regla 10.2 de las de Procedimiento Civil.[20]

Dos días más tarde, el 16 de julio de 2025, se presentaron dos (2) escritos. El *primero* fue una *Moción en solicitud de remedio* presentada por la parte recurrida.[21] En esta, alegó que se encontraba pendiente un descubrimiento de prueba cursado a la parte peticionaria el cual era necesario para presentar su contestación a la solicitud de desestimación interpuesta por esta parte. Por otro lado, el *segundo* escrito fue una *Moción en oposición a la solicitud de remedio y adjudicación de la moción de desestimación presentada,* la cual fue incoada por la parte peticionaria.[22] En esta, arguyó que la solicitud que se encontraba pendiente de adjudicación era una al amparo de la Regla 10.2 de Procedimiento Civil tras haberse incumplido con el requisito de notificación al Estado, de modo que, no dependía de un descubrimiento de prueba, por tratarse de un asunto de derecho. Esbozó que el requerimiento que tenía la parte recurrida era exponer las razones para haber incumplido con la notificación al Estado. Así, pues, solicitó que se adjudicara la moción de desestimación y se concediera el remedio solicitado.

Subsiguientemente, el 18 de julio de 2025, la parte recurrida presentó una *Moción bajo la Regla 34.2 de Procedimiento Civil.*[23] Solicitó al foro de instancia que ordenara a la parte peticionaria a cumplir con el descubrimiento de prueba que le había sido cursado.

Por otro lado, mediante *Orden* emitida y notificada el 21 de julio de 2025,[24] el tribunal de instancia concedió un término adicional para que se presentara la oposición a la solicitud de desestimación a los efectos de que se presentaran las alegaciones

---

[20] 32 LPRA Ap. V, R. 10.2.
[21] SUMAC TPI, a la Entrada Núm. 23.
[22] *Íd.,* a la Entrada Núm. 24.
[23] *Íd.,* a la Entrada Núm. 25.
[24] *Íd.,* a la Entrada Núm. 26.

relacionadas al alegado incumplimiento de la parte recurrida con la notificación al Estado requerida por la Ley Núm. 104.[25]

Luego, el 23 de julio de 2025, la parte recurrida presentó su *Oposición a desestimación.*[26] Alegó que la razón para no haber notificado al Estado en el término de noventa (90) días fue porque no conocía que el lugar en el cual ocurrió el accidente estaba bajo la jurisdicción del ELA y que advino en conocimiento cuando el Municipio de Gurabo lo certificó el 20 de marzo de 2025. Acotó que la notificación al Estado mediante la demanda enmendada y el diligenciamiento del emplazamiento cumplía con el propósito de la Ley Núm. 104,[27] y que lo esbozado constituía la justa causa para que se le eximiera de cumplir con el requisito estricto de la notificación.

Pasado unos días, el 30 de julio de 2025, la parte recurrida instó una *Segunda moción bajo la Regla 34.2 de Procedimiento Civil.*[28] Solicitó que se ordenara a la parte peticionaria a cumplir con el descubrimiento de prueba que le fue cursado, previo a que se dispusiera en cuanto a la solicitud de desestimación.

En respuesta, mediante *Orden,* emitida y notificada el 31 de julio de 2025, el foro *a quo* ordenó a la parte peticionaria a cumplir con el descubrimiento de prueba pendiente.[29] En esa misma fecha, pero, mediante *Resolución,* el tribunal de instancia declaró *No Ha Lugar* la solicitud de desestimación presentada por la parte peticionaria y ordenó que se continuara con el descubrimiento de prueba.[30]

Insatisfecha con lo resuelto, el 15 de agosto de 2025, la parte peticionaria instó una *Moción de reconsideración.*[31] Alegó que la

---

[25] 32 LPRA sec. 3077 nota *et seq.*
[26] SUMAC TPI, a la Entrada Núm. 27.
[27] 32 LPRA sec. 3077 nota *et seq.*
[28] SUMAC TPI, a la Entrada Núm. 28.
[29] *Íd.,* a la Entrada Núm. 29.
[30] *Íd.,* a la Entrada Núm. 30.
[31] *Íd.,* a la Entrada Núm. 31.

parte recurrida incumplió con el requisito de notificación al Estado y no demostró justa causa. Solicitó que se reconsiderara el dictamen y se desestimara con perjuicio la demanda instada en su contra.

En reacción, el 25 de agosto de 2025, la parte recurrida presentó una *Moción en solicitud de remedio*.[32] Adujo que la parte peticionaria no había cumplido con el descubrimiento de prueba. Subrayó que lo anterior era necesario para expresarse en torno a la moción de reconsideración relacionada a la denegada solicitud de desestimación. Solicitó que se entretuviera la solicitud de reconsideración y no se diera por perfeccionada hasta que se cumpliese con el descubrimiento de prueba pendiente.

En respuesta, la parte peticionaria presentó una *Moción en oposición a la solicitud de remedi*o.[33] Esencialmente, se opuso a lo solicitado por la parte recurrida. Adujo que no era necesario que se cumpliera con un descubrimiento de prueba como condición para reaccionar a la solicitud de reconsideración. Arguyó que dicha solicitud era improcedente puesto a que la orden sobre descubrimiento de prueba estaba precisamente en reconsideración, *ergo*, no era necesario para resolver la controversia jurídica planteada. Dado a lo anterior, solicitó que se denegara lo solicitado y que se ordenara a la parte recurrida a presentar su posición en torno a la solicitud de reconsideración.

De ahí, el 26 de agosto de 2025, notificada al día siguiente, el foro *a quo* declaró *No Ha Lugar* por el momento lo solicitado en el escrito instado por la parte peticionaria en torno al descubrimiento de prueba, y ordenó a la parte recurrida a reaccionar a la solicitud de desestimación.[34]

---

[32] SUMAC TPI, a la Entrada Núm. 33.
[33] *Íd.,* a la Entrada Núm. 34.
[34] *Íd.,* a la Entrada Núm. 35.

En cumplimiento con lo ordenado, el 28 de agosto de 2025, la parte recurrida presentó su *Oposición a reconsideración*.[35] Alegó que no fue hasta el 20 de marzo de 2025, al recibir la certificación del Municipio de Gurabo, que advino en conocimiento de que la parte peticionaria podía ser responsable del daño alegado y que antes de esa fecha, no tenía base para notificarle. Sostuvo que la reclamación notificada a la parte peticionaria cinco (5) días después fue oportuna y cumplía con los propósitos de la Ley Núm. 104.[36]

Finalmente, mediante *Resolución* emitida y notificada el 3 de septiembre de 2025, el foro de instancia reafirmó su denegatoria a la solicitud de desestimación, en estos momentos, así como su orden sobre continuar el descubrimiento de prueba.[37]

Aun en desacuerdo, el 3 de octubre de 2025, compareció la parte peticionaria mediante un recurso de *certiorari* en el cual alzó la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia al denegar la *Moción de Desestimación* presentada por el Estado, al amparo de la Regla 10.2(5) de Procedimiento Civil, predicada en el incumplimiento de la parte demandante-recurrida con el requisito de notificación de posible demanda al Estado establecido en el Artículo 2A de la Ley Núm. 104-1955, *Ley de Reclamaciones y Demandas contra el Estado*.

El 10 de octubre de 2025, compareció la parte recurrida mediante *Oposición a certiorari*. Con el beneficio de la comparecencia de las partes, procederemos a disponer del recurso instado.

II

**A. Expedición del Recurso de *Certiorari***

Los recursos de *Certiorari* presentados ante el Tribunal de Apelaciones deben ser examinados en principio bajo la Regla 52.1 de las Reglas de Procedimiento Civil.[38] Esta Regla limita la autoridad y el alcance de la facultad revisora de este Tribunal mediante el

---

[35] SUMAC TPI, a la Entrada Núm. 36.
[36] 32 LPRA sec. 3077 nota *et seq.*
[37] SUMAC TPI, a la Entrada Núm. 38.
[38] 32 LPRA Ap. V, R. 52.1.

recurso de *Certiorari* sobre órdenes y resoluciones dictadas por los Tribunales de Primera Instancia. La Regla lee como sigue:

> El recurso de Certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de Certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[39]
>
> [...].[40]

Por su parte, la Regla 52.2 (b) dispone sobre los términos y efectos de la presentación de un recurso de *Certiorari* que:

> Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*.
>
> [...].[41]

Establecido lo anterior, precisa señalar que el recurso de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[42] A diferencia del recurso de apelación, el auto de *certiorari* es de carácter discrecional.[43] La discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para

---

[39] 32 LPRA Ap. V, R. 52.1.
[40] *Íd.*
[41] *Íd.*
[42] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023)*; 800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020).
[43] *Rivera Figueroa v. Joes's European Shop*, 183 DPR 580, 596 (2011).

llegar a una conclusión justiciera".[44] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[45] Por otra parte, la Regla 40 del Reglamento del Tribunal de Apelaciones esgrime que el Tribunal deberá considerar los siguientes criterios para expedir un auto de *Certiorari:*

    A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

    B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

    C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

    D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

    E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

    F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

    G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. [46]

El Tribunal Supremo de Puerto ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[47] Quiérase decir, no hemos de interferir con los Tribunales de Primera Instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción,

---

[44] *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013).
[45] *SLG Zapata-Rivera v. J.F. Montalvo,* supra, a la pág. 435.
[46] Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).
[47] *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994).

o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[48]

### B. La Regla 10.2 de Procedimiento Civil

La Regla 10.2 de Procedimiento Civil regula la presentación de defensas y objeciones a una reclamación judicial.[49] La moción de desestimación al amparo de esta regla es una defensa especial que formula el demandado para solicitar que se desestime la demanda presentada en su contra, incluso sin necesidad de formular una alegación previa.[50] En específico, la regla establece que:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:
>
> (1) falta de jurisdicción sobre la materia;
>
> (2) falta de jurisdicción sobre la persona;
>
> (3) insuficiencia del emplazamiento;
>
> (4) insuficiencia del diligenciamiento del emplazamiento;
>
> (5) dejar de exponer una reclamación que justifique la concesión de un remedio;
>
> (6) dejar de acumular una parte indispensable.[51]

Al atender a una moción de desestimación fundamentada en que la reclamación no justifica la concesión de un remedio, el juzgador de instancia deberá tomar por cierto todos los hechos bien alegados en la demanda, así como aquellos que hayan sido aseverados de manera clara, concluyente y que de su faz no den margen a dudas.[52] A su vez, deberá interpretar las alegaciones de la demanda conjuntamente, de forma liberal y de la manera más favorable posible para la parte demandante, para así determinar si

---

[48] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

[49] 32 LPRA Ap. V, R. 10.2.

[50] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008); *Colón v. Lotería,* 167 DPR 625, 649 (2006).

[51] Regla 10. 2 de Procedimiento Civil, *supra.*

[52] *González Méndez v. Acción Social et al*, 196 DPR 213, 234 (2016); *Accurate Sols. v. Heritage Enviroment,* 193 DPR 423, 433 (2015); *Colón v. Lotería,* 167 DPR 625, 649 (2006).

la misma es suficiente para constituir una reclamación válida.[53] Ello, puesto a que, en nuestro ordenamiento jurídico, se ha desarrollado una política pública a favor de que los casos se ventilen en los méritos.[54] A esos efectos, la desestimación únicamente procederá cuando existan circunstancias que permitan a los tribunales determinar, sin ambigüedades, que la demanda carece de todo mérito, o que la parte demandante no tiene derecho a obtener algún remedio.[55] Además, nuestro Tribunal Supremo ha sido enfático en que la desestimación no procede si la reclamación es susceptible de ser enmendada.[56]

### C. La Ley de Reclamaciones y Demandas contra el Estado

Conforme exige la Ley Núm. 104, sobre Reclamaciones y Demandas contra el Estado, "toda persona que tenga reclamaciones de cualquier clase contra el Estado Libre Asociado de Puerto Rico, por daños a la persona o a la propiedad, causados por culpa o negligencia de dicho Estado, deberá presentar al Secretario de Justicia una notificación escrita".[57] Esta notificación deberá indicar de manera clara y concisa "la fecha, sitio, causa y naturaleza general del daño sufrido, los nombres y direcciones de sus testigos, y la dirección del reclamante, así como el sitio donde recibió tratamiento médico en primera instancia".[58] Será indispensable que la referida notificación se presente al Secretario de Justicia dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama.[59] Ello, puesto a que esta tiene como finalidad alertar al Gobierno de que ha surgido una probabilidad de que se presente una causa de acción por daños en

---

[53] *Torres, Torres v. Torres et al.*, 179 DPR 481, 501 (2010); *Pressure Vessels PR v. Empire Gas PR*, 137 DPR 497, 505 (1994).

[54] *González Méndez v. Acción Social et al.,* supra*,* a la pág. 235.

[55] *Íd.*

[56] *Accurate Sols. v. Heritage Enviroment,* supra, a la pág. 433; *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 429 (2008); *Colón v. Lotería*, supra, a la pág. 649; *Clemente v. Depto. de la Vivienda*, 114 DPR 763, 771 (1993).

[57] Artículo 2-A (a) de la Ley Núm. 104, 32 LPRA sec. 3077a.

[58] *Íd.*

[59] Artículo 2-A (c) de la Ley Núm. 104, *supra.*

su contra, para que así pueda activar inmediatamente sus recursos de investigación, antes de que desaparezcan los testigos o la prueba objetiva necesaria para una adecuada defensa o transacción.[60] Ahora bien, se ha razonado que si bien la aludida notificación "es requisito de cumplimiento estricto, no alcanza calidad de condición precedente jurisdiccional".[61] Así, pues, "se libera al tribunal de un automatismo dictado por el calendario y salva su fundamental facultad para conocer del caso y proveer justicia según lo ameriten las circunstancias".[62]

En mérito de lo anterior, y según la teoría cognoscitiva del daño, sería posible razonar que, en algunos casos, el término de noventa (90) días que dispone la Ley Núm. 104 para presentar la notificación al Secretario de Justicia, podría comenzar a transcurrir cuando el reclamante conoció o debió conocer quien le causó el daño sufrido y los elementos necesarios para poder ejercitar efectivamente su causa de acción.[63] Esto, dado a que "al perjudicado, para ejercitar la acción, no le basta saber que lo ha sido, sino que precisa conocer quién es el autor del daño, para poder dirigir la demanda contra él, saber a quién debe demandar; por lo cual, a la noticia del daño ha de añadirse la del que lo causó, para que corra la prescripción".[64]

Sin embargo, hace ya un tiempo, en un caso similar al de marras, en cual se alegó que no fue hasta luego de presentar la demanda que el reclamante se enteró que el lugar donde ocurrió el accidente estaba bajo la jurisdicción del Municipio y no el Estado, nuestro Tribunal Supremo razonó que el desconocimiento cabal de la ley o la falta de la simple diligencia de investigar bajo que jurisdicción estaba el lugar del accidente no son el tipo de situación

---

[60] *Romero Arroyo v. E.L.A.*, 127 DPR 724, 734 (1991).
[61] *Íd.*, a la pág. 735.
[62] *Íd.*
[63] *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 374 (2012).
[64] *Colon Prieto v. Geigel*, 115 DPR 232, 427 (1984), citando a A. Borrell y Soler, Derecho Civil Español, Barcelona, Ed. Bosch, 1955, T. I, Parte General, a la pág. 500.

en el que se pueda aplicar la antedicha consideración respecto a la prescripción.[65] Ello, luego de colegir que, desde un inicio, el reclamante puede averiguar sin mucho esfuerzo bajo que jurisdicción está una carretera, para así hacer la notificación requerida a tiempo.[66]

### III

La parte peticionaria comparece ante nos mediante una petición de *certiorari* en la cual, en su único señalamiento de error, nos convida a intervenir con una determinación del foro de instancia mediante la cual denegó una solicitud de desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil,[67] predicada en el incumplimiento de la parte recurrida con el requisito de notificación de posible demanda al Estado del Artículo 2-A de la Ley Núm. 104.[68]

Como cuestión de umbral, tratándose el auto ante nos de un recurso discrecional de *certiorari*, debemos determinar si procede o no su expedición.

Sabido es que el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior.[69] Ahora bien, es preciso reiterar que el *certiorari* queda enmarcado dentro de la normativa que le concede deferencia a las actuaciones del Tribunal de Primera Instancia, por tanto, el Tribunal de Apelaciones únicamente podrá intervenir con un dictamen interlocutorio emitido por el foro primario si se ancla en una de las razones de peso que establece la Regla 52.1 de Procedimiento Civil[70] y/o la Regla 40 del Reglamento del Tribunal de Apelaciones.[71]

---

[65] *López v. Autoridad de Carreteras*, 133 DPR 243, 256 (1993).
[66] *Íd.*
[67] 32 LPRA Ap. V, R. 10.2.
[68] 32 LPRA sec. 3077a.
[69] *Rivera et al. v. Arcos Dorados et al.*, supra, a la pág. 207*; 800 Ponce de León v. AIG,* supra, a la pág. 174.
[70] 32 LPRA Ap. V, R. 52.1.
[71] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 59-60.

Con lo anterior en mente, nos dimos a la tarea de examinar minuciosamente los autos ante nuestra consideración, así como de evaluar detenidamente las posturas de las partes. Luego de efectuar el referido examen, este Panel es de la opinión que el foro primario incidió al denegar la moción de desestimación presentada por la parte peticionaria. En consecuencia, es claro que el asunto ante nuestra consideración amerita que nos apartemos de la normativa que confiere discreción a las actuaciones del Tribunal de Primera Instancia e intervengamos en este caso. Por tanto, nos resulta forzoso expedir el presente recurso de *certiorari.*

Según relatamos previamente, el caso de marras inició cuando la parte recurrida presentó una *Demanda* por daños y perjuicios en contra del Municipio de Gurabo, por una presunta caída sufrida, el 16 de septiembre de 2024, por la señora Carmen Sánchez Miranda, en una carretera del término municipal de Gurabo. Pasado un tiempo, la parte recurrida enmendó su *Demanda* para incluir al ELA y al DTOP como partes demandadas, puesto a que advino en conocimiento de que el lugar donde ocurrió el accidente estaba bajo la jurisdicción del ELA, luego de que tal hecho fue certificado por el Municipio de Gurabo el 20 de marzo de 2025.

Luego de varias instancias procesales, las cuales incluyeron, pero no se limitaron, a la desestimación de la causa de acción en contra del Municipio Gurabo, por haber incumplido la parte recurrida con el requisito de notificación estatuido en el Artículo 1.051 del Código Municipal de Puerto Rico,[72] la parte peticionaria presentó una mocion de desestimación fundamentada en cuestiones similares a las planteadas por el Municipio de Gurabo. En su moción de desestimación, indicó que la parte recurrida no cumplió con el requisito de notificación previa dentro del término de noventa (90)

---

[72] 21 LPRA sec. 7082.

días que dispone el Artículo 2-A de la Ley Núm. 4 sobre Reclamaciones y Demandas contra el Estado.[73] Destacó que no fue hasta seis (6) meses luego del alegado accidente que conoció de este, cuando fue diligenciado el emplazamiento en su contra.

En repuesta, la parte recurrida arguyó que la razón por la cual incumplió con notificar al Estado, en el término de noventa (90) días, se debió a que no fue hasta el 20 de marzo de 2025 que advino en conocimiento de que el lugar en el cual ocurrió el accidente estaba bajo la jurisdicción del ELA. De modo que, de ahí, procedió inmediatamente a presentar una demanda enmendada y a diligenciar el emplazamiento en contra de la parte peticionaria.

Tras varios trámites procesales innecesarios de pormenorizar, de los cuales se destaca una trabada controversia entre las partes en cuanto a si era necesario un descubrimiento de prueba previo a que el tribunal *a quo* dispusiera sobre la solicitud de desestimación presentada por la parte peticionaria, finalmente, se emitió la *Resolución* que nos ocupa. Mediante este dictamen, el foro primario denegó la desestimación de la acción del título y ordenó a que se continuara con el descubrimiento de prueba.

Conforme expusimos en nuestra exposición doctrinal previa, la Ley Núm. 104 exige que, quien tenga una reclamación de cualquier clase contra el Estado, por daños a una persona o una propiedad ,presente ante el Secretario de Justicia, una notificación escrita dentro de los noventa (90) días siguientes a la fecha en que se tuvo conocimiento de los daños.[74] Se ha razonado que este término no alcanza la calidad de condición jurisdiccional a los fines de que se pueda proveer justicia, según lo amerite las circunstancias.[75]

---

[73] Artículo 2-A (a) de la Ley Núm. 104, *supra.*
[74] Artículo 2-A (a) y (c) de la Ley Núm. 104, *supra.*
[75] *Romero Arroyo v. E.L.A.*, supra, a la pág. 734.

Por lo anterior, la parte recurrida es de la opinión que no fue hasta el 20 de marzo de 2025 que comenzó a transcurrir el término de noventa (90) días para notificar al Estado, dado a que fue, en tal fecha, que advino en conocimiento de que la calle, en la cual ocurrió el aludido accidente, estaba bajo la jurisdicción del ELA. No estamos de acuerdo.

Pese a que es harto conocido en nuestro ordenamiento jurídico que es necesario que el perjudicado conozca quien es el autor del daño para que corra la prescripción,[76] también se ha razonado que, si el desconocimiento del autor se debe a la falta de diligencia del perjudicado, entonces no es de aplicación esta consideración en cuanto a la prescripción.[77] Es por ello que, según destacamos anteriormente, en un caso muy similar al del título, en el cual se alegó que no fue hasta luego de presentar la demanda que se supo bajo qué jurisdicción estaba la calle en la cual ocurrió el accidente, nuestro Tribunal Supremo entendió que esto no era razón para presentar la notificación requerida, luego de transcurridos los noventa (90) días siguiente a la fecha en la cual se tuvo conocimiento de los daños.[78] Esto, dado a que un reclamante puede averiguar sin mucho esfuerzo bajo qué jurisdicción está una carretera y hacer la notificación requerida a tiempo.[79]

En mérito de lo antes expuesto, coincidimos con nuestro Alto Foro en que la parte recurrida pudo haber investigado sin mucho esfuerzo bajo qué jurisdicción estaba la carretera objeto de este caso, antes de presentar la demanda, y, así, presentar la notificación al Estado requerida por la Ley Núm. 104 a tiempo, pero no lo hizo. Según destacó el Tribunal Supremo, en aquel entonces, el desconocimiento cabal de la ley o la falta de la simple diligencia de

---

[76] *Colon Prieto v. Geigel*, supra, a la pág. 427.
[77] *Fraguada Bonilla v. Hosp. Aux. Mutuo*, supra, a la pág. 374.
[78] *López v. Autoridad de Carreteras*, supra, a la pág. 256.
[79] *Íd.*

indagar bajo qué jurisdicción estaba el lugar del accidente, no son el tipo de situación en el que se puedan entender que la prescripción no transcurrió hasta tanto se tuvo conocimiento de a quién se debía demandar.[80] A tenor, coincidimos en que dado a que la parte recurrida nunca notificó al ELA de su intención de demandar, conforme exige la Ley Núm. 104, esta perdió su derecho a reclamar.

Como es sabido, dado de que en nuestro ordenamiento jurídico se ha desarrollado una política pública a favor de que los casos se ventilen en sus méritos, los tribunales únicamente deben desestimar un caso cuando surja, sin lugar a duda, que el reclamante no tiene derecho a obtener ningún remedio.[81] No obstante, lo anterior, puesto a que el incumplimiento de la parte recurrida con la notificación al Estado ocasionó que esta perdiera su derecho a reclamar ante el foro judicial, era forzoso que el tribunal de instancia desestimara la causa de acción, con perjuicio.

Por todo lo antes expuesto, concluimos que el error esgrimido por la parte peticionaria se cometió, por lo que procede la revocación de la *Resolución* aquí recurrida.

IV

Por los fundamentos que anteceden, se *expide* el auto de c*ertiorari* y se *revoca* la *Resolución* recurrida. En consecuencia, se desestima con perjuicio la causa de acción contra la parte peticionaria.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[80] *López v. Autoridad de Carreteras,* supra, a la pág. 256.
[81] *González Méndez v. Acción Social et al.,* supra*,* a la pág. 235.